# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

Ronald Pugh,
    Petitioner,

vs.                        Case No. 1:08cv588
                            (Beckwith, S.J.; Hogan, M.J.)

Warden, Hocking Correctional
Facility,[1]
    Respondent.

## REPORT AND RECOMMENDATION

Petitioner, a prisoner in state custody who currently is incarcerated at the Hocking Correctional Facility in Nelsonville, Ohio, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the petition (Doc. 1), respondent's return of writ with exhibits (Doc. 8), petitioner's "traverse" in reponse to the return of writ (Doc. 14), and respondent's reply thereto (Doc. 16).[2]

## Procedural Background

On September 4, 2005, the Butler County, Ohio, grand jury returned an indictment charging petitioner with one count of burglary, a second degree felony, in violation of Ohio Rev. Code § 2911.12(A)(2). (Doc. 8, Ex. 1). Following a trial before a jury,

---

[1]In the petition, petitioner properly named the Warden of London Correctional Institution (LoCI) as respondent, because petitioner was incarcerated at LoCI at that time. Petitioner, however, recently notified the Court that he was transferred to the Hocking Correctional Facility (HCF) in Nelsonville, Ohio. (Doc. 15). Because it now appears that HCF's Warden is the individual who currently has custody of petitioner, the caption of the case is hereby changed to reflect the proper party respondent. *See* Rule 2, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

[2]Also pending before the Court are two non-dispositive motions filed by petitioner (Docs. 10, 11), which have been addressed in a separate Order issued this date.

petitioner was found guilty as charged. On July 6, 2006, he was sentenced to a seven-year prison term. (*Id.*, Ex. 2).

With the assistance of counsel, petitioner timely appealed to the Ohio Court of Appeals, Twelfth Appellate District, alleging two assignments of error:

> 1. There was insufficient evidence for the trial court to find appellant guilty of burglary.
>
> 2. The trial court's guilty verdict was against the manifest weight of the evidence.

(*Id.*, Ex. 3).

On June 19, 2007, the Ohio Court of Appeals overruled petitioner's assignments of error and affirmed the trial court's judgment. (*Id.*, Ex. 5). Apparently, petitioner did not pursue an appeal from this decision to the Ohio Supreme Court. (*See id.*, Brief, p. 2).

However, petitioner did file a timely *pro se* application for reopening of the appeal under Ohio R. App. 26(B) with the Ohio Court of Appeals, Twelfth Appellate District, in September 2007. He alleged in the application that his appellate counsel was ineffective because he failed to assert the following assignments of error on direct appeal:

> 1. The trial court erred to the prejudice of appellant by failing to instruct the jury on the lesser degree offense of burglary where the evidence presented at trial would reasonably support both an acquittal on the crime charged and a conviction on the lesser degree offense....
>
> 2. The trial court's failure to instruct the jury as to the culpable mental state need[ed] for the trespass element of burglary constituted plain error which relieved the State of its burden of proof and denied appellant of a fair trial....

(*See id.*, Exs. 6, 7).

On November 6, 2007, the Ohio Court of Appeals denied petitioner's application for reopening after addressing and rejecting petitioner's claims on the merits. (*Id.*, Ex. 8). Petitioner did not timely appeal this decision to the Ohio Supreme Court.

Over seven months later, on June 18, 2008, petitioner filed a *pro se* motion with the Ohio Court of Appeals, Twelfth Appellate District, requesting that the entry denying his application for reopening be vacated and reissued so that he could be afforded the "opportunity to appeal the decision to the Ohio Supreme Court." (Doc. 8, Ex. 12).[3] Petitioner claimed in the motion that he never received notice of the court's November 6, 2007 entry and was not made aware of that decision until he received a letter dated April 29, 2008 from the court clerk informing him "that his App.R. 26(B) application was denied by the court on November 6, 2007, and that a copy of the entry was sent to appellant's former counsel ... on November 9, 2007." (*Id.*, p. 1). Petitioner stated in the motion that he had filed a motion for leave to file a delayed appeal to the Ohio Supreme Court, which was "stamped 'Received' on June 4, 2008," but that the state supreme court would not accept his pleading because "a motion for leave to file a delayed appeal from a[n] App.R. 26(B) [application] was precluded by S.Ct. Prac. R. II, Section 2(A)(4)(c)." (*Id.*, p. 2).

On July 8, 2008, the Ohio Court of Appeals denied without opinion petitioner's motion to vacate the November 6, 2007 entry denying his reopening application. (*Id.*, Ex. 14). Apparently, petitioner did not appeal this decision to the Ohio Supreme Court.

In the meantime, on May 19, 2008, petitioner filed a *pro se* "motion to correct void judgment for failure to follow statutory sentencing requirements" with the Butler County Common Pleas Court. (*Id.*, Ex. 9). Petitioner essentially claimed in this motion that before sentencing him, the trial court should have conducted a "Consistency in Sentencing Analysis" to ensure he would receive a sentence that was "consistent with sentences imposed for similar crimes committed by similar offenders." (*See id.*, pp. 2-3). On May 23, 2008, the common pleas court summarily denied petitioner's motion, and on June 6, 2008, issued an amended order denying the motion because it was "filed too late, and this court lacks jurisdiction to consider it." (*Id.*, Exs. 10, 11). It does not appear that petitioner pursued an appeal from this decision in the state courts.

The instant petition for writ of habeas corpus was filed on September 2, 2008. (Doc. 1). Petitioner alleges two grounds for relief:

**Ground One:** Conviction obtained in violation of Sixth Amendment right to a jury trial where trial court usurped province of jury as trier of fact [in

---

[3]Petitioner filed a second motion on July 2, 2008 requesting the same relief from the Ohio Court of Appeals. (*See* Doc. 8, Ex. 13).

3

rejecting the evidence presented in support of Petitioner's request for the lesser included offense instructions].

**Ground Two:** Conviction obtained by jury instructions that relieved the State of its burden of proof of every element of offense charged in violation of Due Process [where the trial court failed to provide the jury with an instruction on the necessary culpable mental state for the trespass element of burglary].

(*Id.,* pp. 4, 5(A)(i), 5(A)(v)).

In the return of writ, respondent concedes that the petition is timely filed. (Doc. 8, Brief, pp. 4-5). Respondent contends, however, that petitioner has waived his claims for relief as a result of his procedural defaults in the state courts. (*Id.,* pp. 6-10). Respondent alternatively argues that the petition should be denied based on the merits of petitioner's claims. (*Id.,* pp. 10-14).

## OPINION

### Petitioner Has Waived His Claims For Relief Due To His Procedural Defaults In The State Courts

In the petition, petitioner alleges two claims that were not raised by his appellate counsel on direct appeal. He first asserted the claims in his *pro se* application for reopening of the appeal as examples of ineffectiveness by his appellate counsel. The Ohio Court of Appeals denied the application for reopening after considering petitioner's ineffective assistance of appellate counsel claim on the merits. (Doc. 8, Ex. 8). Petitioner did not file a timely appeal from that decision to the Ohio Supreme Court, and was foreclosed from doing so when he attempted to obtain a delayed appeal with that court. (*See id.,* Exs. 12-14).

In the return of writ, respondent essentially contends that petitioner has waived his claims for federal habeas relief due to his procedural defaults in failing to present them as independent assignments of error on direct appeal; to the extent that petitioner alleges that his appellate counsel's ineffectiveness constitutes "cause" for his procedural default on direct appeal, respondent further argues that the ineffective asistance of appellate counsel claim is procedurally defaulted because petitioner failed to timely appeal the

4

denial of his reopening application to the Ohio Supreme Court. (*See id,* Brief, pp. 6-10).

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state defendant with federal constitutional claims must fairly present those claims to the state courts for consideration before raising them in a federal habeas corpus action. *See* 28 U.S.C. § 2254(b)(1), (c); *see also Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). The claims must be presented to the state's highest court in order to satisfy the fair presentation requirement. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 848 (1999); *Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99-100 (6th Cir.), *cert. denied,* 474 U.S. 831 (1985).

If petitioner fails to fairly present a claim through the requisite levels of state appellate review to the state's highest court or commits some other procedural default relied on to preclude review of the merits of such claim by the state's highest court, and if no avenue of relief remains open or if it would otherwise be futile for petitioner to continue to pursue the claim in the state courts, his claim for habeas corpus relief is subject to dismissal with prejudice on the ground that it is waived. *See O'Sullivan,* 526 U.S. at 847-848; *Harris v. Reed,* 489 U.S. 255, 260-62 (1989); *McBee v. Grant,* 763 F.2d 811, 813 (6th Cir. 1985); *see also Weaver v. Foltz,* 888 F.2d 1097, 1099 (6th Cir. 1989).

If, because of a procedural default, petitioner has not had a claim considered by the state's highest court and he can no longer present the claim to the state courts, he has waived such claim for purposes of federal habeas corpus review unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional error, or that failure to consider the claim will result in a "fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. 722, 750 (1991); *see also Murray v. Carrier,* 477 U.S. 478, 485 (1986); *Engle v. Isaac,* 456 U.S. 107, 129 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977).

In this case, as respondent has argued, petitioner committed a procedural default by failing to raise his two record-based grounds for relief on direct appeal to the Ohio Court of Appeals. Although he alleged in his application for reopening of the appeal that his appellate counsel should have asserted the claims on appeal, pursuant to Ohio R. App. P. 26(B), the underlying claims of trial error could not serve as independent justifications for reopening the appeal but rather only as examples of appellate counsel's ineffectiveness.

Furthermore, it appears as respondent has argued, that to the extent petitioner alleges that his appellate counsel's ineffectiveness constitutes "cause" for his procedural default on direct appeal, petitioner committed a second procedural default when he failed to file a timely appeal to the Ohio Supreme Court from the denial of his reopening application.[4] Although it is well-settled that appellate counsel's ineffectiveness may amount to "cause" for a procedural default occurring, as claimed here, in an appeal as of right to the Ohio Court of Appeals, cause cannot be established if the ineffective assistance of appellate counsel claim was itself procedurally defaulted. *See Murray v. Carrier*, 477 U.S. 478, 488-89 (1986); *see also Edwards v. Carpenter*, 529 U.S. 446, 451-53 (2000); *Burroughs v. Makowski*, 411 F.3d 665, 667-68 (6th Cir.) (per curiam), *cert. denied*, 546 U.S. 1017 (2005).

Petitioner has alleged that cause exists for the procedural default of his ineffective assistance of appellate counsel "cause" claim. Specifically, he has asserted that he was not informed of the Ohio Court of Appeals' November 6, 2007 entry denying his reopening application until April 29, 2008, long after 45-day period had expired for filing a timely appeal to the Ohio Supreme Court. (*See* Doc. 8, Exs. 12-13). However, to the extent this allegation does suggest that cause may exist for petitioner's procedural default of his ineffective assistance of appellate counsel claim, it may be argued that petitioner committed a third procedural default by failing to appeal the Ohio Court of Appeals' July 8, 2008 entry denying his motion to vacate and reissue the November 6, 2007 denial of his reopening application so that he could be afforded the opportunity to appeal that decision to the Ohio Supreme Court.

In any event, even assuming, *arguendo,* that petitioner can demonstrate cause for the procedural default of his ineffective assistance of appellate counsel claim, he is unable to establish prejudice as a result of the alleged error.

---

[4] It is noted that because the 45-day period for filing a timely appeal to the Ohio Supreme Court had expired, petitioner was precluded from filing a delayed appeal to the state supreme court in that matter. *See* Rule II, § 2(A)(1)(a) and § 2(A)(4)(a)-(b), Rules of Practice of the Supreme Court of Ohio. The Ohio Supreme Court's application of this rule of practice in refusing to accept delayed appeals in reopening proceedings has been held to constitute an adequate and independent state ground barring federal habeas review of ineffective assistance of appellate counsel claims. *See, e.g., Thompson v. Sheets,* No. 2:07cv1045, 2008 WL 5157466, at *4 (S.D. Ohio Dec. 9, 2008) (King, M.J.) (Report & Recommendation) (unpublished), *adopted*, 2009 WL 468199 (S.D. Ohio Feb. 23, 2009) (Marbley, J.) (unpublished).

To establish that his appellate counsel was ineffective in failing to raise his two grounds for relief on direct appeal, petitioner must show both (1) his attorney on direct appeal made such serious errors that he was not functioning as the "counsel" guaranteed by the Sixth Amendment; and (2) counsel's deficient performance prejudiced the defense. *See Strickland v. Washington,* 466 U.S. 668, 687 (1984).

Under the first prong of the *Strickland* test, petitioner must show that appellate counsel's representation fell below an objective standard of reasonableness based on all the circumstances surrounding the case. *Id.* at 688. Judicial scrutiny must be highly deferential, and a "fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight" and to evaluate the challenged conduct from counsel's perspective at the time the conduct occurred. *Id.* at 689. In determining whether or not counsel's performance was deficient, the Court must indulge a strong presumption that the challenged conduct fell within the wide range of reasonable professional assistance. *Id.*

Appellate counsel is not constitutionally ineffective under this prong merely because he declines to raise a non-frivolous issue on appeal that was requested by the defendant. *Sharp v. Puckett,* 930 F.2d 450, 452 (5th Cir. 1991) (citing *Jones v. Barnes,* 463 U.S. 745, 751 (1983) (holding that an "indigent defendant [does not have] a constitutional right to compel appointed counsel to press nonfrivolous points [on appeal] requested by the client")); *see also Johnico v. Chrones,* 187 Fed.Appx. 701, 703 (9th Cir. June 9, 2006) (not published in Federal Reporter) ("Appellate counsel has no duty to raise every single issue requested by a defendant."), *cert. denied,* 549 U.S. 1037 (2006). As the Supreme Court stated in *Barnes,* 463 U.S. at 754:

> For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every "colorable" claim suggested by a client would disserve the very goal of vigorous and effective advocacy.... Nothing in the Constitution or our interpretation of that document requires such a standard.

"Th[e] process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." *Smith v. Murray,* 477 U.S. 527, 536 (quoting *Barnes,* 463 U.S. at 751-52); *see also Coleman v. Mitchell,* 268 F.3d 417, 430-31 (6th Cir. 2001), *cert. denied,* 535 U.S. 1031 (2002). It is still possible to bring a *Strickland* claim based on counsel's failure to raise a particular claim on direct appeal; however, "[g]enerally, only

7

when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." *Smith v. Robbins,* 528 U.S. 259, 288 (2000) (quoting *Gray v. Greer,* 800 F.2d 644, 646 (7th Cir. 1986)); *see also Wilson v. Hurley,* 108 Fed.Appx. 375, 379 (6th Cir. Aug. 30, 2004) (not published in Federal Reporter), *cert. denied,* 543 U.S. 1160 (2005).

To satisfy the second "prejudice" prong of the *Strickland* test, petitioner must demonstrate that a "reasonable probability" exists that, but for his counsel's errors, the result of the direct appeal proceeding would have been different. *See Strickland,* 466 U.S. at 694. Petitioner has met his burden if he shows that the result of the appeal would "reasonably likely have been different absent the errors." *Id.* at 695.

The Court need not examine the question of whether counsel's performance was deficient before addressing the question of whether petitioner was prejudiced by counsel's performance. The Court may dispose of an ineffective assistance of counsel claim by finding that petitioner has made an insufficient showing on either ground. *Id.* at 697.

Here, petitioner has not demonstrated that his appellate counsel was ineffective under either prong of the *Strickland* test. First, counsel's failure to challenge the lack of a jury instruction on the lesser offense of fourth-degree burglary neither fell outside the "wide range of reasonable professional assistance" nor prejudiced the defense. Counsel asserted stronger arguments challenging the sufficiency and weight of the evidence on direct appeal. As the Ohio Court of Appeals recognized in rejecting petitioner's ineffective assistance of appellate counsel claim, once it was determined on appeal that the jury's verdict of guilt for the greater offense was supported by sufficient evidence and was not against the weight of the evidence, petitioner at best faced an uphill battle on any claim that a lesser offense instruction was warranted by the evidence under the applicable standards established by state law. (*See* Doc. 8, Ex. 8, p. 3) (citing *State v. Burgos,* No. 05CA008808, 2006 WL 2390244, at *6-7 (Ohio Ct. App. 9 Dist. Aug. 21, 2006) (unpublished)).

Second, appellate counsel was not ineffective in failing to present a claim on appeal challenging the lack of a jury instruction on the culpable mental state required for the trespass element of burglary. As the Ohio Court of Appeals reasonably found in denying petitioner's application for reopening, the record belies the underlying claim of error. Specifically, the trial court instructed the jury that "[t]respass means that the defendant, without privilege to do so, *knowingly* entered or remained on the land or

premises of another;" the court also provided the following definition of "knowingly:" "a person acts knowingly regardless of his purpose when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature." (Doc. 8, Tr. 99, 101) (emphasis added).

Accordingly, in sum, petitioner is not entitled to habeas relief based on the claims alleged in the petition, which are barred from review due to his procedural default in failing to fairly present the claims to the Ohio Court of Appeals on direct appeal. Petitioner has procedurally defaulted any claim of cause based on appellate counsel's alleged ineffectiveness in failing to raise his claims for habeas relief on direct appeal. To the extent petitioner has argued "cause" for the procedural default of his ineffective assistance of appellate counsel claim, he has not demonstrated that appellate counsel's failure to assert the claims for relief on direct appeal amounted to ineffective assistance under the Sixth Amendment and thus constituted "cause" for his procedural default of the underlying claims of trial error.

Therefore, in the absence of any showing that a fundamental miscarriage of justice will occur if petitioner's claims for relief are not considered herein, petitioner's habeas corpus petition should be dismissed with prejudice on procedural waiver grounds.

## IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** with prejudice.

2. A certificate of appealability should not issue with respect to petitioner's grounds for relief, which this Court has concluded are barred from review on procedural waiver grounds, because under the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason would not find it debatable as to whether this Court is correct in its procedural ruling" or whether petitioner has stated a viable constitutional claim for relief in either of those grounds.

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis*, the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of

financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: 8/17/09
cbc

Timothy S. Hogan
United States Magistrate Judge

J:\BRYANCC\2009 habeas orders\08-588denypet.waiver-delappOHSCt-reopeningapplic.wpd

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

Ronald Pugh,
    Petitioner,

v.

Case No. 1:08cv588
(Beckwith, S.J.; Hogan, M.J.)

Warden, Hocking Correctional
Facility,
    Respondent.

## NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Hogan, United States Magistrate Judge, in the above-entitled action brought under 28 U.S.C. § 2254. Any party may object to the Magistrate Judge's Report and Recommendation within **fifteen (15) days** after the date the Report and Recommendation is stamped as "filed" by the Clerk of Court. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s). Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections. A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY | |
|---|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X | ☒ Agent<br>☐ Addressee |
| | B. Received by (Printed Name) | C. Date of Delivery |
| 1. Article Addressed to:<br><br>Ronald Pugh 526-746<br>Hocking Corr. Facility<br>PO Box 59<br>Nelsonville, OH 45764 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No | |
| | 3. Service Type<br>☒ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D. | |
| | 4. Restricted Delivery? (Extra Fee) | ☐ Yes |
| 2. Article Number<br>(Transfer from service label) | 7002 3150 0000 8388 4117 | |

PS Form 3811, August 2001     Domestic Return Receipt     102595-02-M-1540

1:08 cv 588 (Doc. 17)